ADAMS, STATE REVENUE AGENT, *v.* NOBLE ET AL.

[60 South. 561.[

1. STATUTES.  *Enactment.  Presumption of Validity.  Laws 1910, chapter 289.*

   Chapter 289, Laws 1910, should be accepted by the courts as a valid legislative enactment, there being nothing on the face of the bill as enrolled, nor in its introduction, passage and approval to show that it was not a proper enactment by the legislature.

2. SAME.

   It is the duty of the court to accept as valid legislative enactments, all acts duly authenticated and appearing regular and to have been passed in the prescribed mode.

Appeal from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Suit by Wirt Adams, state revenue agent, against L. F. Noble and others. From a judgment sustaining a demurrer to the declaration, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield,* for appellant.

The act of 1910 itself is illegal and is void. It was passed at a special session. At a special session none but appropriation and revenue bills shall be considered except such other matters as may be acted on at an extraordinary session called by the governor. Section 36, Constitution. The act in question is not an appropriation nor revenue bill, and was not submitted to the legislature in writing by the governor. It just bobbed up, and became passed. It is a second Topsy. Section 121 of the Constitution.

We consider these constitutional sections as mandatory. See *Board of Commissioners* v. *Insurance Company,* 51 Miss. 2; and see *Sample* v. *Verona,* 48 So. 2.

The act, chapter 289 of Laws of 1910, "To ratify, etc., the disbursement of county funds of Lincoln county by the board in compensating C. J. Moore for investigating, etc., the books of county officers during 1909, under appointment by the governor," was clearly passed at a special session. There was no authority for its passage. Such act is shown on page 261 of the Laws of 1910, approved April 16, 1910.

Now, on February 2, 1910, as shown by page 363 of the same Laws of 1910, the governor started off his message to the legislature as follows:

"This being a special session of the legislature, our Constitution restricts its operations to appropriations and revenue bills, resolutions, the election of a United States senator for the unexpired term, examination into the account of state officers, and such other subjects as the governor may in writing specially submit."

We are unable to find anywhere that the governor submitted the subject whereon the aforesaid chapter 289 was enacted. As to the authority of a special session of the legislature to pass bills of this kind see *Cassino* v. *State*, 34 S. W. (Tex.) 769, citing *Wells* v. *Railway Company*, 19 S. W. 531 and *Williams* v. *Taylor*, 19 S. W. 156.

*Green & Green*, for appellees.

This payment by the board of supervisors, even if made upon account of the state as counsel contends, was ratified, approved and confirmed by the Act of 1910, p. 261.

There is no pretense but that this act, if constitutional, settles this controversy. Counsel contends that the act is unconstitutional, because, as claimed, not a revenue measure, and because, as claimed, the governor did not call the attention of the legislature to this special matter at this special session.

There is nothing on the face of the bill, as approved, to indicate that there was any informalities or want of constitutional prerequisites.

The courts are limited in the investigation of legislative acts by the face of the enrolled bill. The court cannot go behind the face of the enrolled bill to enquire whether the act was properly passed or not. *Ex parte Wren*, 63 Miss. 512; *Hunt* v. *Wright*, 70 Miss. 298; *Field* v. *Clark*, 143 U. S. 676.

But under sections 36 and 121 of the Constitution, the legislature and not the courts are the sole judges of whether jurisdiction exists to pass an act, and to determine whether or not the matter has been brought to its attention by the governor.

The legislative department of the government has exclusive jurisdiction of the determination of its own jurisdiction, as have the courts to determine their judicial jurisdiction. Hence when, under the Constitution, the legislature at a special session passes an act and it is approved by the governor, such enrolled bill, so approved, is conclusive of the legislative jurisdiction to act upon the subject-matter. This was expressly held in *Hunt* v. *Wright*, 70 Miss. 289, when speaking of the action of the legislature under section 68 of the Constitution, wherein it is said (page 306):

"While the provision of section 68 is obligatory on the legislature, its disregard of it is beyond the reach of the courts, which are not keepers of the consciences of legislators, and deal only with what they do, and not what they should have done or omitted. We would not be understood as holding that the 'dramshop' law is a revenue bill or law, but, if it was, it would not be affected by what is alleged as to when it was passed. The fact that it was passed within the last five days of the session, and did not receive three-fifths of the votes of members voting, if it be a fact, is not a matter of which courts will take cognizance.

"If members of the legislature violate their oaths by disregarding the plain directions of the Constitution, the courts are powerless to redress the wrong, except as to

matters apparent in their finished action. The Constitution, as to mere rules of procedure prescribed for the legislature, is committed to the members individually and collectively, and the houses are intended as a mutual check, and the governor on both, and the courts will not inquire into the antecedents of legislative enactments, and have no claim to be present at the parturition. Their duty begins when legislative travail is over."

The legislature and the courts could properly regard this bill as a revenue measure, if that question was open for consideration by the courts.

Here there was a sum of money that had been paid by the county of Lincoln upon an obligation, as contended, that should have been discharged by the state. If so, it was within the power of the legislature to ratify and confirm this payment by the county of this obligation on the part of the state, and thus increase the state's revenue by having this sum paid by the County instead of by the state. Or, it was within the power of the legislature, if it was open to question, to appropriate this sum of money paid by the county to the obligation of the state, and thereby get the benefit of this indirect payment for the state's benefit.

The county funds, in contemplation of law, belong to the state for administration and appropriation under the laws of the state, and the legislature has the power to direct what shall be done with them and for what uses they shall be applied. This act expressly directs what uses shall be made of this particular fund, and the county, being a subdivision of the state, and under its absolute dominion, cannot complain. The state could not complain as it ratified the county's act, and the revenue agent who is but the representative of the state and county, could not complain because both the county and the state were bound by this legislative act.

It was within the power of the legislature to repeal sections 341 and 346, Code 1906 and to declare by affirma-

tive act that the payment of this money by the board
of supervisors was an object authorized by law.. The
ratification was equivalent to a legislative antecedent
authority, and thus by this act of the legislature this pay-
ment was an object authorized by law.    Wherefore the
judgment should be affirmed.

REED, J., delivered the opinion of the court.

The state revenue agent brought suit to recover from
three members of the board of supervisors of Lincoln
county, and the sureties on their bonds, a certain amount
of money paid to a special auditor for auditing the county
books of Lincoln county, claiming that the appropriation
for such payment was illegal.    A demurrer to the declara-
tion was sustained, and an appeal taken to this court.

We only deem it necessary to consider and decide one.
question presented in this case.    The legislature, by Act
approved April 16, 1910, being House Bill No. 557, and
chapter 289 of the Laws of Mississippi of 1910, ratifying,
confirming, and legalizing the disbursement of the funds
of Lincoln county in the payment to the special auditor,
provides: "That the payment by the board of super-
visors of. Lincoln county, out of the county funds, to C.
J. Moore, an expert accountant and auditor, for his serv-
ices in auditing, examining and reporting the condition
of the books of the county officers of Lincoln county, dur-
ing the year 1909, under appointment by the governor,
is hereby ratified, confirmed and legalized."

Appellant in his declaration, contends that the legis-
lature in special session had no authority to enact the law,
because it was neither an appropriation nor revenue bill,
nor was it submitted in writing to the legislature by the
governor.    The declaration shows that the bill was in-
troduced into the house of representatives, passed that
body, and then passed the senate, and then was approved

by the governor.　There is nothing on the face of the bill as enrolled, nor in its introduction, passage, and approval, to show that it was not a proper enactment by the legislature.

We specially note that the governor, who has the authority to submit to the legislature measures for their consideration and action, has approved this bill. The statute, as delivered by the legislature, appears to be a regularly enacted law, and following the prescribed. mode, which included the attestation by the presiding officers of the two branches, the speaker of the house of representatives and the president of the senate, and we will accept it as such.　The subject of the duty of the courts to accept as valid legislative enactments all acts duly authenticated and appearing regular, and to have been passed in the prescribed mode, is fully discussed in the cases of *Ex parte Wren*, 63 Miss. 512, 56 Am. Rep. 825, and *Hunt* v. *Wright*, 70 Miss. 298, 11 So. 608.　See *Field* v. *Clark*, 143 U. S. 676, 12 Sup. Ct. 495, 36 L. Ed. 294.

The trial judge did not err in sustaining the demurrer.

*Affirmed.*