of suffering, sickness, and starvation for the colony of which complainant was a member. The defendant not only contradicts the evidence of plaintiff, but proves by its witnesses wonderful results from tilling the soil of the kind sold to the complainant, and by its witnesses shows that the country is healthful, land is productive with proper tilling, and that the complainant refused and neglected to make any reasonable effort to cultivate the land, and only cultivated about one acre for one year, which work was done by his family, and that he himself worked at other work. A number of witnesses testified that the land would produce what it was represented to produce, and sustained the defendant's view of the case. Upon this conflict in the evidence the chancellor is better able to determine the truth, and to judge of the credibility of witnesses, than we are. This seems to be a suit brought to test the legal right to rescind these series of sales, there appearing to have been others, and for this reason we have written this opinion; otherwise, we would have affirmed without an opinion.

*Affirmed.*

STATE EX REL. COLLINS, ATTORNEY GENERAL, *v*. WATTS, COUNTY SUPERINTENDENT.

[78 South. 515, Division A.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Session of board. Time.*

There is nothing in the phraseology of section 4512, Code 1906 (Hemingway's Code, section 7332), indicating that the provision thereof, that county superintendents shall convene the school board prior to the first day of August, is intended as a limitation upon their authority to convene it thereafter; but the date to which the board should be convened was fixed as a matter, not of substance, but merely of convenience in order that the boun-

daries of the school district might be defined at a time early enough to permit the teaching of the schools at the next ensuing terms thereof, so that the provision must be held to be merely directory and not mandatory.

2. SAME.
   The employment of a teacher by the trustees of a district which had been abolished at a meeting held by the public school board of the county on August 7th, did not give such teacher a cause of action to compel the county board to contract with him, on the ground that such board should have met prior to August 1st, instead of August 7th, to abolish such district.

APPEAL from the circuit court of Marion county.

HON. A. E. WEATHERSBY, Judge.

Mandamus by the state, on relation of Ross A. Collins, Attorney General, against E. I. Watts, Superintendent of Education of Marion County. From a judgment denying relief, the relator appeals.

The facts are fully stated in the opinion of the court.

*G. Wood Magee* and *B. S. Sylverstein,* for appellant.

This is a case brought by mandamus to compel the appellee, County Superintendent of Education of Marion County, to contract with one Jackson, a public school teacher, to teach one of the public schools of the county. The record in the case, which is very brief, shows that the trustees of the public school in question, elected Jackson to teach and certified his election to the appellee as the law requires and that Jackson held a first grade teacher's license, good and valid in any county of the state.

The appellee defended on the ground that the county school board of the county had abolished the school and had consolidated this school with several other schools, and had thereby established a consolidated school district.

Our contention is that the public school was never lawfully abolished and that the act of the school board in attempting to abolish is was void. The school

board of Marion county attempted to abolish this school, at a meeting called and held on August 8th, and if there is any meaning at all to be given, section 4512, Code 1906, the school board was without legal authority to abolish a school district or to change a school district at a meeting called and held subsequent to 1st of August. Quoting this section of the Code of 1906 (section 7332, Hemingway's Code), we find it to read as follows:

The county superintendent shall be president of the school board and shall convene it annually, prior to the first day of August, to define the boundaries of the school districts of the county outside of the separate school district, or to make alterations therein and to designate the location of the schoolhouse in each district, if not already located. Now, in this instance we find the school board of the county meeting and changing the district of a public school on the 8th day of August, and it will be noted from the record the location of the schoolhouse for the consolidated school was not designated. Every patron was compelled to accept hearsay, as to where the schoolhouse was located, a consolidated school is nothing more than a public school composed of two or more public schools, *Trustees, etc., v. Supervisions, etc.*, 75 So. 883. If the school board was convened and made this order consolidating the schools, including the school, which Jackson was to teach on the 8th day of August, then the act was void and the school has never been abolished, and the superintendent should have given the teacher a contract. As to whether the act of the school board was void, and upon this point specially, I call the court's attention to the case of *Purvis v. Robinson*, 110 Miss. 64. In this case, Judge Cook, speaking for the court said: "The only effect of section 4512 is to require the board of education to hold a meeting before the 1st day of August in each year for the purpose of considering the matter named. This work is required to be done before

the 1st day of August and this is all." (The board of education has the power to meet at any time, on the call of its president, to conduct the business and exercise the powers intrusted to it; but in regard to the matter mentioned in section 4512, a meeting for this purpose must be held before August 1st of each year.

It cannot be that the board of education of A county may disregard the plain letter of the statute as this board did. It may be said this question was not involved in the Purvis-Robinson case, supra; if not, then there is but one construction when the issue is presented and that construction must be the one put upon it by the court in the case mentioned above.

For the reasons stated above, we submit that this case should be reversed and the superintendent compelled to contract with the teacher.

*Mounger & Ford,* for appellee.

The appellants claim that the orders of the county school board of education, under date of August 7th, and 8, 1916, abolishing these various schools and creating the Hub consolidated schools, were void, under the authority of the court's holding in the case of *Purvis v. Robinson,* reported in 110 Miss., page 64, and which decision purported to construe section 4512 of the Annotated Code of 1906. This section of the Code is in the following words:

"The county superintendent shall be president of the school board, and shall convene it annually, prior to the first day of August, to define the boundaries of the school districts of the county, outside of the separate school districts, or to make alterations therein, and to designate the location of the schoolhouse in each district, if not already designated."

The court in this case of *Purvis v. Robinson, supra,* in construing this section said: "The board of education has the power to meet at any time, on the call of its president, to conduct the business and

exercise the powers entrusted to it; but, in regard to
the matters mentioned in section 4512, a meeting for
this purpose must be held before August 1st of each
year. If for no other reason, meetings for the estab-
lishing and altering of school districts and to designate
the location of schoolhouses therein, should be held
before August 1st, because by section 4519 of the Code,
the patrons of the schools of this character are
required to elect trustees on the first Saturday of
August in each year, and therefore, if schools of this
class are to be consolidated, it should be done before
this time.''

This appellee insists that the language used by the
court in this opinion, was *obiter dictum,* and that it was
not necessary for the court to have used this language
in deciding the matter that it had before it for decision.

We submit the further proposition that the court's
construction as placed upon section 4512 by the decision
in the Purvis-Robinson case, is incorrect. The, section
of the Code referred to merely provides that it shall be
the duty of the county superintendent to call the county
school board in session at least once every year, prior
to the first day of August, for the purpose of consider-
ing the matter of defining the boundaries of school
districts and making alterations therein, but this sec-
tion does not by express terms or by implication, in-
hibit the county school board from considering the
matter and passing orders respecting the boundaries of
school districts after the first day of August. The
purpose of this statute seems to be to insure that the
county school board shall take up for consideration at
least once a year prior to the first day of August the
matter of the boundaries of school districts, but the
language of that statute is without any limitation upon
the power of the school board to convene at other times
to consider this matter, nor does any good reason exist
why they might not nor does the general legislative
scheme in regard to schools, suggest a reason why

such a matter should not be considered and passed upon subsequent to the first day of August. It is suggested by the court as a reason why the matter of definitely establishing school districts should be passed upon prior to August first, is because the patrons of schools are required to elect trustees on the first Saturday of August in each year. We think that this cannot be held as a reason, for the reason that the legislature in the year 1914, as appears from page 257 of the Laws of 1914, changed the time for the election of trustees from the first Saturday of August to the first Saturday of May.

We submit as a further proposition, that while the language used in this section is apparently in the imperative, yet that a fair construction of the section is to make this duty of the county superintendent directory and not mandatory and that a failure to observe this provision would not void an order of a county school board passed after the first day of August and providing for the defining of boundaries of school districts of the county.

On page 1158 of 36 Cyc., some subsidiary rules are stated for the determination of the legislative intent in regard to statutes. It is declared that: "A provision of course is mandatory, which is declared by the statute itself to be so. When a particular provision of a statute relates to some immaterial matter as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly and prompt conduct of business, the provision may generally be regarded as directory.

It may well be observed here that this statute does not declare that the same is to be construed as mandatory, and it appears that the legislative intent was merely to provide for the proper, orderly and prompt conduct of the business of defining school districts. Without a doubt, some advantage in having school

districts definitely fixed by the first day of August, could be mentioned, such as the advantage flowing from the elimination of confusion arising out of patrons of the school not being fully advised as to the boundaries of the school district, but no imperative necessity exists why school districts should not be created, altered or abolished subsequent to the first day of August. The Code makes ample provision for children living in one district attending school in another. It seems to us that a fair construction of this statute would mean that the legislature intended that this provision be directory in order to insure a proper and punctual consideration of these matters. Page 1160 of 36 Cyc:

"It is clear to us that no real public benefit or private right requires it or would be subserved by giving the meaning of the word "shall" an imperative meaning, but the language of the statute is such that it ought to be given a directory meaning."

It is clear to us that these orders of the school board, establishing the Hub consolidated school passed on August 7th, and 8, 1916, ought not to be held to be void. If the court should adhere to the language used in the opinion in the Purvis-Robinson case, then we think that the very most that would be held in regard to these orders of the school board of Marion county, passed on August 7th and 8th, would be that they were inoperative for the year 1916, but did become operative for the scholastic year of 1917.

In conclusion we insist that the right result in this case was reached, and that the great public interest requires the sustaining of this school district, and this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment denying the prayer of a petition for a writ of mandamus to compel appellee to contract with George Jackson for the teaching of a public school for the session of 1917-18.

The facts are that at a meeting of the public school board of Marion county held on the 7th and 8th days of August, 1916, several school districts, including one known as the Pine Burr district, were consolidated into one district and designated as the Hub consolidated school district, the school of which consolidated district was maintained during the entire session of 1916-17 and is still in operation affording school facilities to the children of the entire district. On the 7th day of August, 1917, Jackson, a regularly licensed teacher, was elected by the trustees of the Pine Burr district to teach the school of that district for the session of 1917-18; but appellee, the county superintendent of education, declined to contract with him therefor on the ground that the Pine Burr school had been abolished, whereupon this suit was begun.

Appellant's contention is that the order abolishing the Pine Burr school and creating the Hub consolidated school is void for the reason that it was made at a meeting held after the 1st day of August, in violation of section 4512, Code of 1906 (section 7332, Hemingway's Code), which provides that:

"The county superintendent shall be president of the school board, and shall convene it annually, prior to the first day of August, to define the boundaries of the school districts of the county outside of the separate school districts, or to make alterations therein, and to designate the location of the school house in each district, if not already located."

There is nothing in the phraseology of this statute, nor any other bearing thereon which has been called to our attention, indicating that the provision thereof that the county superintendent shall convene the school board prior to the 1st day of August is intended as a limitation upon his authority to convene it thereafter; but the date prior to which the board should be convened was evidently fixed as a matter, not of substance, but

merely of convenience in order that the boundaries of the school districts might be defined at a time early enought to permit the teaching of the schools at the next ensuing terms thereof, so that the provision must be held to be merely directory and not mandatory. 36 Cyc. 115; *Koch* v. *Bridges,* 45 Miss. 247; *Keeton* v. *Board of Supervisors,* 77 So. 906.

The question here under consideration was not presented to the court in *Purvis* v. *Robinson,* 110 Miss. 64, 69 So. 673, relied on by appellant, so that what was there said is not controlling here. Section 4519, Code of 1906 (Hemingway's Code, section 7339), which requires the patrons of a public school to elect trustees thereof on the first Saturday of August in each year, and which was referred to by the court in that case as furnishing a reason for the meeting of the school boards to define the districts before the first day of August, was amended by chapter 187, Laws of 1914, so as to provide that the trustees of a school shall be elected on the first Saturday of May in each year.

*Affirmed.*

THOMAS *v.* STATE.

[78 South. 147, In Banc.]

1. CONSTITUTIONAL LAW. *Criminal law. Trial. Presence of accused. Statutes. Validity.*

Section 1495, Code 1906 (Hemingway's Code, section 1253), authorizing accused to waive his right to be present at any stage of his trial at the discretion of the court, if he is in custody and consents thereto, is valid and does not violate Constitution 1890, section 26, giving the accused a right to be heard.