COLUMBUS & G. RY. Co. *et al. v.* MILLER, STATE TAX COL-
LECTOR.

(In Banc. May 25, 1931.)

[134 847. No. 28555.]

Gardner, Odom & Gardner, of Greenwood, and Wat-
kins, Watkins & Eager, of Jackson, for appellant.

Franklin, Easterling & Rosenthal, of Jackson, for appellee.

Argued orally by **W. H. Watkins** and **A. F. Gardner**, for appellant, and **Lamar F. Easterling**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant owns and operates a railroad eighteen and forty-one one hundredths miles of which lie in the Mississippi levee district, and this suit is to recover from it the sum of twelve thousand one hundred fifty dollars and sixty cents, levee taxes alleged to be due by it for the years 1926 and 1927, and statutory damages thereon. A demurrer to the tax collector's declaration was sustained in the court below, but, on appeal to this court, the judgment so doing was reversed and the case was remanded. Miller v. Columbus & G. Ry. Co., 154 Miss. 317, 122 So. 366. On the return of the case to the court below, judgment was rendered for the tax collector and affirmed by this court, 127 So. 784.

A complete statement of the case will be found in the report thereof in 154 Miss. at page 322, 122 So. 366, from which it appears that chapter 7, Laws of 1886,

imposed a levee tax on railroads in the Mississippi levee district of one hundred dollars per annum on each mile of the main line thereof in the district. This statute was amended by chapter 282, Laws of 1914, so as to impose a tax of three hundred fifty dollars per annum upon each mile of the main lines of the railroads in the district. By chapter 259, Laws of 1926, the 1914 statute was amended by adding thereto the following: "Provided further that the tax per mile per annum on the main line of any railroad company which does not own in excess of twenty-five miles of railroad in the Mississippi levee district shall be fifty dollars per annum." The appellee paid fifty dollars per mile on its eighteen and forty-one one hundredths miles of railroad in the district for the years 1926-27, and this suit is to recover the difference between that amount and three hundred and fifty dollars per mile and damages thereon.

The journals of the Legislature do not show that the publication required by section 234 of the State Constitution was made before the enactment of chapter 259, Laws 1926; and the fact is, according to the evidence, that no such publication was made. The state tax collector challenges the validity of the statute under sections 234 and 236 of the state Constitution and the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution. When the case was first presented to us, we held the statute void for the last of these reasons, but, on appeal to the Supreme Court of the United States, our judgment was reversed and the statute held not to violate the Federal Constitution. C. & G. R. R. Co. v. Miller, 51 S. Ct. 392, 75 L. Ed. ——. We must therefore now determine whether the statute violates sections 234 and 236 of the state Constitution.

In Postal Telegraph & Cable Co. v. Robertson, 116 Miss. 204, 76 So. 560, 562, this court said that it would presume that a levee district taxation or revenue statute

was published in accordance with the requirement of section 234 of the Constitution "until the presumption is overcome by clear and convincing testimony." In that case no evidence of the nonpublication of the statute was introduced, and therefore the question of the conclusiveness vel non of the presumption was not presented for decision. In Riley v. Ammon, 143 Miss. 861, 108 So. 296, 297, the court again said that publication of the statute would be presumed, but, as no evidence of its nonpublication was introduced, it would "not decide whether that presumption is a conclusive presumption or not."

That the presumption is conclusive will appear from an examination of the cases of Ex parte Wren, 63 Miss. 512, 56 Am. Rep. 825; Hunt v. Wright, 70 Miss. 298, 11 So. 608; Adams v. Noble, 103 Miss. 393, 60 So. 561; State ex rel. Collins v. Watts, 117 Miss. 524, 78 So. 515.

The tax collector's contention under section 236 of the Constitution is that it "requires all reduction in taxation to be uniform and proportionate," and that chapter 259, Laws 1926, reduces taxes on railroads only. This section of the Constitution deals only with an acreage tax, and its requirement of a proportionate deduction in taxes applies only to the action of the levee boards when reducing acreage taxes.

The judgment heretofore rendered by us will be set aside, the judgment of the court below will be reversed, and the bill will be dismissed.

Reversed, and bill dismissed.