STATE *ex rel.* COLMER *v.* BENVENUTTI *et al.*

(Division A.  Nov. 16, 1931.)

[137 So. 537.  No. 29764.]

Gardner & Backstrom, of Gulfport, for appellant.

314

316

Robt. L. Genin, of Bay St. Louis, for appellees.

Argued orally by **Oscar Backstrom**, for appellant, and by **Robt. L. Genin**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The state, on the relation of a district attorney, filed a petition in the court below, praying for a writ of mandamus commanding the election commissioners of the city of Bay St. Louis to hold an election for mayor and councilmen of the city on the second Tuesday of December, 1931. The court below refused to grant the writ.

The jurisdiction of the court below is not challenged, nor is any objection made by counsel for appellees that the petition was prematurely filed (State v. Board of Supervisors of Coahoma County, 64 Miss. 358, 1 So. 501); the

appellees having stated in writing that they did not intend to hold an election for mayor and councilmen in the city of Bay St. Louis during the year 1931.

The only question submitted for decision by counsel, and the one to which this opinion will be confined, is whether an election for mayor and councilmen should be held in the city of Bay St. Louis on the second Tuesday in December, 1931.

In 1927 the city adopted the commission form of government provided by chapter 120, Laws of 1912; held an election for its mayor and councilmen on the second Tuesday of December of that year; and the officers then elected entered upon the discharge of their duties on the first Monday in January thereafter, as provided by sections 3 and 4 of chapter 120, Laws of 1912. That statute was brought forward into the Code of 1930 in the chapter on municipalities as sections 2626 to 2655, inclusive. Sections 3 and 4 of the original statute appear as sections 2628 and 2629 of the Code of 1930. Section 3 of the original statute, section 2628, Code of 1930 provides for the election of a mayor and councilmen on the second Tuesday in December next after the adoption by a municipality of the commission form of government. Section 4 of the original statute provides that: "In every city operating under the provisions of this act, there shall be elected at the election provided for in section 3 of this act, and at an election, to be held every four years thereafter on the second Tuesday of December, a mayor and two councilmen; said officers shall be nominated and elected at large, and they shall qualify and their terms of office shall begin on the first Monday in January next after their election."

This section was amended by chapter 199, Laws of 1924, to read as it now appears in section 2629, Code of 1930, which is: "In every city operated under the commission form of government, there shall be elected at the election provided for in the preceding section, and at an

election to be held every four years thereafter on the first Tuesday of August, and in all municipalities of less than eighteen thousand inhabitants, according to the last preceding federal census, on the second Tuesday of December, a mayor and two councilmen; said officers shall be nominated and elected at large, and they shall qualify and their terms of office shall begin on the first Monday in January, next, after their election.''

The last federal census discloses that the city of Bay St. Louis has less than eighteen thousand inhabitants.

Section 23 of the original statute, section 2645, Code of 1930, provides that: ''The mayor and councilmen elected, shall each hold office for a term of four years and until their successors are elected and qualified.''

. Under section 2629, Code of 1930, an election must be held in the city of Bay St. Louis for mayor and councilmen on the second Tuesday of December, 1931, unless another date therefor has been fixed by the second proviso of section 2656, Code of 1930. That section reads as follows: *"Commission Form Laws 1908, Not Repealed.*—Provided, however, that nothing in this chapter shall be construed in any way to effect, alter or modify the existence of the municipalities now operating under chapter 108 of the laws of 1908. Such municipalities shall continue to enjoy the form of government now enjoyed by them and each shall be possessed of all rights, powers, privileges and immunities granted and conferred by chapter 108, of the laws of 1908; provided further that the mayors and commissioners of all municipalities now operating under chapter 108 of the laws of 1908, and chapter 120 of the laws of 1912, elected on the second Tuesday of December, 1928, under chapter 73, laws 1928, extraordinary session, shall hold their offices for a term of four years from the first Monday of January, 1929, and until their successors are duly elected and qualified, and provided further that a general municipal election shall be held in each municipality now operating under

chapter 108 of the laws of 1908, and chapter 120 of the laws of 1912, on the second Tuesday of December, 1932, and every four years thereafter for the election of all municipal officers elected by the people under said chapter 108 of the laws of 1908, and chapter 120 of the laws of 1912. The officers shall qualify and enter upon the discharge of their duties on the first Monday of January after such general election, and shall hold their offices for four years and until their successors are duly elected and qualified.''

This section, as appears from the records of the secretary of state's office, was not in the revision of the Code of 1930 submitted to the Legislature by the code commissioners, but was added by the Legislature; one reason therefor evidently being a desire to enable municipalities then operating under chapter 108, Laws 1908, to continue so to do; no provision therefor being made in any other sections of the Code.

The appellant's contentions are: First. The Legislature, by enacting section 2656, did not intend to repeal, and the section cannot have the effect of repealing, section 2629, Code of 1930, formerly section 4, chapter 120, Laws of 1912; and second, if such was the legislative intent, section 2656 violates sections 61 and 71 of the state Constitution.

It will be observed that section 2656 contains three provisos, but the last only applies here, and it, being separable from the others and complete in itself, will be the only one considered.

In so far as this proviso deals with chapter 120, Laws of 1912, it affects only sections 4 and 23 thereof, now sections 2629 and 2645, Code of 1930, the first directly and the second incidentally.

Wherever a proviso affects only one section of a statute, the usual and ordinary way is for it to be embraced therein, or to immediately follow it, but, of course, such a proviso has the same effect, though appearing in an-

other part of the statute. Section 2629, therefore, because of this proviso, must be construed as if it read: "Section 2629. In every city operated under the commission form of government, there shall be elected at the election provided for in the preceding section, and at an election to be held every four years thereafter, on the first Tuesday of August, and in all municipalities of less than 18,000 inhabitants, according to the last preceding federal census, on the second Tuesday of December, a mayor and two councilmen; provided that a general municipal election shall be held in each municipality now operating under chapter 120, Laws of 1912, on the second Tuesday in December, 1932, and every four years thereafter for the election of all municipal officers elected by the people under said chapter 120, Laws of 1912," etc.

We are confronted, then, not with two conflicting sections, covering the same subject-matter, but with a section that is restrained and modified by a subsequent proviso, so to do being one of the usual and legitimate purposes of provisos. 36 Cyc. 1161. The language of the proviso is unambiguous, and its plain effect is to limit the requirements of section 2629 that there shall be "elected at the election provided for in the preceding section, and at an election to be held every four years thereafter, on the first Tuesday of August, and in all municipalities of less than eighteen thousand inhabitants, according to the last preceding federal census, on the second Tuesday of December, a mayor and two councilmen," to municipalities adopting the commission form of government after the Code became effective, and to require a mayor and two councilmen to be elected in municipalities which had theretofore adopted the commission form of government on the second Tuesday in December, 1932, and every four years thereafter.

It may be true, as pointed out by counsel for the appellant, that this requirement of the proviso will have

the effect of extending the terms of the mayor and councilmen of some municipalities, and of shortening the terms of the mayor and councilmen of other municipalities. The term of office of the mayor and councilmen of Bay St. Louis will be extended one year thereby. But that cannot be taken into consideration, in the absence of any ambiguity in the language of the proviso. Fixing a uniform date for the election of municipal officers, in so far as so to do was deemed expedient, is in accord with the legislative policy, evidenced by section 3030, Code of 1892, now section 2597, Code of 1930, and chapter 73, Laws of 1928, Extraordinary Session.

This brings us to the appellee's contention that section 2656, Code of 1930, violates sections 61 and 71 of the state Constitution, which provide that (61): "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length;" and (71) "every bill introduced into the Legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation."

Confining ourselves to the second proviso of section 2656, which, in so far as it affects chapter 120, Laws of 1912, as hereinbefore stated, is separable from the other provisions of the statute and complete within itself, it will be sufficient to say that these sections of the Constitution have no application to the adoption of a partial or complete Code of previous laws. Hunt v. Wright, 70 Miss. 298, 11 So. 608.

Affirmed.