BEARD, et al. *v.* STANLEY, et al.

Sept. 28, 1953

No. 38800          36 Adv. S. 1          67 So. 2d 263

*L. Barrett Jones,* Jackson, *Ben Stevens,* Hattiesburg, and *Matthew Harper, Jr.,* Assistant Attorney General, Jackson, for appellants.

*Buchanan & Montgomery,* Laurel, and *E. C. Fishel,* Hattiesburg, for appellees.

LEE, J.

This is the second appearance of this cause here. Beard v. Stanley, 205 Miss. 723, 39 So. 2d 317. The substantial facts in connection with the origin of the litigation were fully set out in the opinion there rendered, and their repetition is obviously unnecessary. It is sufficient to say that the case held that, where the board of supervisors completed their equalization of assessments on July 27th and gave notice that protests would be heard on August 6th following, the requisite ten days notice was provided for, even though the regular August meeting of the board convened on August 3rd; and that tax sales, based on such finally approved assessments, were valid.

The cause was reversed. On remand, other parties intervened, and the appellees then plead and the proof showed that, at the tax sale on September 19, 1938, the lands, on which taxes had not been paid, were sold under each separate assessment on the rolls in accordance with Chapter 188, Laws of 1934, as amended by Chapter 69, Laws of the Extraordinary Session of 1938, Section 9923, Code of 1942. The applicable part thereof is as follows: "Each separate assessment as it appears and is described on the assessment roll shall constitute one tract for the purpose of sale for taxes, notwithstanding the fact that the person who is the owner thereof, or to whom it is assessed, is the owner of or is assessed with other lands, the whole of which constitute one entire tract but appears on the assessment roll in separate subdivisions."

The appellees contended, and the learned chancellor held, that Chapter 69, supra, is violative of Section 121, Constitution of 1890, because the Governor, in his proclamation to convene the Legislature in extraordinary session, did not mention this subject as one for consideration, nor did he, while the Legislature was in session, submit such subject in writing for consideration.

While the certificate of the Secretary of State showed the inability of that officer to locate in the House and Senate Journals of the extraordinary session any message from the Governor which related to this subject matter, the fact remains that, in all respects, the chapter appears to have been regularly enacted, and, in addition, it was approved by the Governor on August 20, 1938.

This Court has heretofore dealt with a like question. In the case of Adams v. Noble, 103 Miss. 393, 60 So. 561, it was contended that the legislative act in question was unconstitutional because at the special session of the Legislature when it was passed, it was neither submitted in writing by the Governor for consideration, nor did it fall within the other two categories as provided by Section 36, Article 4, Constitution of 1890, prior to the amendment thereof as provided by Chapter 414, Laws of 1912. In overruling that contention and in upholding the validity of the act, this Court said: "We specially note that the governor, who has the authority to submit to the legislature measures for their consideration and action, has approved this bill. The statute, as delivered by the legislature, appears to be a regularly enacted law, and following the prescribed mode, which included the attestation by the presiding officers of the two branches, the speaker of the house of representatives and the president of the senate, and we will accept it as such. The subject of the duty of the courts to accept as valid legislative enactments all acts duly authenticated and appearing regular, and to have been passed in the prescribed mode, is fully discussed in the cases of Ex parte Wren, 63 Miss. 512, 56 Am. Rep. 825, and Hunt v. Wright, 70 Miss. 298, 11 So. 608. See Field v. Clark, 143 U. S. 676, 12 Sup. Ct. 495, 36 L. Ed. 294." See also C & G Railway Company v. Miller, 160 Miss. 383, 134 So. 847.

█ █ The same reasoning requires the conclusion that Chapter 69 is not violative of Section 121 of the Constitution.

Appellees contend, however, that the chapter does not legalize the sale, as a unit, of two separate parcels which are not contiguous, and, on that account, the sales here involved were void.

It is true that, prior to the enactment of Chapter 69, supra, the tax collector could sell only the land constituting one tract and assessed as the property of the same owner. Section 28, Chapter 188, Laws of 1934. This Court had so held. Slush v. Patterson, 201 Miss. 113, 28 So. 2d 738. But undoubtedly ■■■ the Legislature had the power to provide the mode and manner of tax sales, and to indicate clearly its will. ■■■ The chapter is clear and unambiguous. In the recent case of Horton v. Horton, 210 Miss. 116, 48 So. 2d 850, it was held that several noncontiguous parcels of land may constitute a homestead. In such a case, in reason it would seem that the whole tract, constituting the homestead, ought to be embraced within the same assessment.

Appellees further contend that said chapter 69 did not govern for the reason that it did not become effective until August 20, 1938, whereas, in the meantime, the tax collector had already listed the lands for sale, and that his act, in so doing, constituted a part of the sale.

But this Court has held that ■■■ the validity of a tax sale must be determined by the law in force at the time the sale was made. Everett v. Williamson, 163 Miss. 848, 143 So. 690; Price v. Harley, 142 Miss. 584, 107 So. 673. Since the chapter in question was in force at the time of the sales here, obviously it governed, and such sales were effective to divest the appellees of all title which they held to the lands in question.

The decree of the lower court will, therefore, be reversed, and a decree will be entered here, cancelling and annulling all claims of the appellees in and to the lands in controversy.

As was pointed out on the former appeal, no opinion was expressed on the question raised in the State's an-

swer that appellant, Lee Beard, had purchased more than 160 acres of public land in one year in alleged violation of Section 4108, Code of 1942, because that question was not passed upon by the trial court. The same situation obtains on this appeal. The Court did not deal with that matter on the trial under review. Consequently no opinion thereon is expressed here; but the cause will be remanded so that the lower court can pass on that question.

Reversed, and decree here in part, and in part remanded.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Lotterhos, JJ.,* concur.