WILLIAM HENDRICKS *v.* STATE OF MISSISSIPPI.

1. STATUTORY CONSTRUCTION. *Penal statute. Code* 1892, § 1068. *Laws* 1900, *p.* 140.

   Penal statutes are to be strictly construed, and a laborer who has contracted in writing to labor in making a crop on shares for another, but has never entered upon the service or gone upon the employer's premises, cannot be convicted for leaving his employer or abandoning his premises, under code 1892, § 1068, amended Laws 1900, p. 140, making it a misdemeanor for any laborer, renter or "share-cropper," who has contracted in writing to labor for another, to leave his employer or the leased premises before the expiration of his contract.

2. CONSTITUTIONAL LAW. *Statutes. Courts.*

   The courts should not decide the constitutionality of a statute unless it be necessary to the disposition of a cause.

FROM the circuit court of Holmes county.

HON. WILLIAM F. STEVENS, Judge.

Hendricks, the appellant, was indicted, tried and convicted of a violation of the statute, code 1892, § 1068, as amended, Laws 1900, p. 140, and appealed to the supreme court. The facts were these: In August, 1900, appellant entered into a written contract with one Bailey to make a crop, on shares, on Bailey's farm in 1901, which contract was signed by appellant, but was not signed by Bailey. At the time of the making of the contract, appellant was living some ten or fifteen miles from Bailey's farm, and did not move there at all, but, in December, 1900, or February, 1901, moved on the land of one Meade, with whom he had contracted, without notifying Meade of his contract with Bailey. In March, 1901, Bailey instituted a criminal proceeding against appellant in the justice of the peace court, by affidavit, charging him with violating the provisions of chapter 101, acts 1900. Appellant was convicted in the

justice of the peace court. He then appealed to the circuit court, where he was again tried and convicted.

*Noel & Pepper*, for appellant.

It is an elemental principle that penal statutes must be strictly construed, and this principle has been applied to code 1892, § 1068. *Mahoney* v. *McNeill*, 77 Miss., 406.

A cropper or laborer cannot leave his employer without he has first entered upon his service. To leave, as defined in the dictionaries, is to depart from, to quit, and this accords, as well, with common acceptation. A man cannot depart from, quit or leave a place unless he has been to the place; he cannot leave an employment upon which he has never entered.

Slavery has been abolished, imprisonment for debt is prohibited; no person can be deprived of life, liberty or property, except by due process of law; the privileges and immunities of citizens of the United States cannot be abridged, and class legislation is odious and prohibited. The statute is clearly unconstitutional. *State* v. *Inlow*, 50 Am. St. Rep., 443; *Booth* v. *People*, 78 Am. St. Rep., 235, and note.

*Monroe McClurg*, attorney-general, for appellee.

The statute is constitutional. *Hoole* v. *Dorroh*, 75 Miss., 257.

It is not necessary that there should be actual, physical, moving upon the premises and leaving the same to complete the offense. One who enters into a written contract of employment, or of leasing lands, and abandons the contract without consent, and makes a second contract without giving notice of the first one, is as guilty of violating the statute as if he had moved upon the premises or entered upon the service, and then quit the same without consent. The abandonment of the contract is the material thing. *Armistead* v. *Chatters*, 71 Miss., 509.

CALHOON, J., delivered the opinion of the court.

The act of March 12, 1900 (Laws 1900, p. 140, ch. 101), is in these words: "That any laborer renter or share-cropper who has contracted with another person for a specific time in writing, not exceeding one year, who shall leave his employer, or the leased premises, before the expiration of his contract, without the consent of the employer or landlord, and makes a second contract without giving notice of the first to said second party, shall be guilty," etc. Defendant was entitled to a strict construction of this statute, and this record fails to show that he has violated it. He was never in the service of Bailey, with whom he first contracted, and, therefore, he could not have left him, and he was never on the premises, and, therefore, could not have left them.

We are asked to decide on the constitutionality of the act, but respectfully decline, because it is not necessary to do so, and courts should never decide constitutional questions except when necessary to the disposition of a cause.

*Reversed and remanded.*