GEORGE W. ALFORD *v.* MALACHI C. PEGUES.

[46 South., 76.]

MASTER AND SERVANT. *Enticing laborer.* *Code* 1906, § 1146. *Laws* 1900, *ch.* 102, *p.* 140.

Where a laborer has terminated his contract with another, upon the performance of which he had never entered, a person giving him employment, or leasing land to him, is not liable therefor, under Code 1906, § 1146, imposing liability upon any one enticing away a laborer or tenant of another who has bound himself by written contract, etc

FROM the circuit court of Lafayette county.

HON. JAMES B. BOOTHE, Judge.

Alford, appellant, was plaintiff in the court below; Pegues, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The action was based upon chapter 102, p. 140, of Laws 1900 (Code 1906, § 1146), which is as follows:

"If any person shall willfully interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract, without the consent of the employer or landlord, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars, and in addition shall be liable to the employer or landlord for all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer, and for all damages which he may have sustained by reason thereof."

The facts are sufficiently stated in the opinion of the court.

*Falkner & Russell,* for appellant.

The sole question considered by the court below was "Can this action be maintained by the appellant against the appellee

for knowingly employing Jim Goolsby who had contracted for the year 1906 without ever having gone upon the leased premises?" The court held that it could not be maintained and upon this theory excluded all of the evidence for the plaintiff below and gave the peremptory instruction complained of on this appeal.

We respectfully submit that under the section of the Code involved, if a man contract in writing with another for a specific time, and before the expiration of the time, without the consent of the employer another shall interfere by employing the other, he has violated the statute and is liable for damage. See *Armistead* v. *Chatters,* 71 Miss., 512, 15 South., 39.

Appellant entered into contract with Goolsby in October, 1905, to cultivate land in the year 1906 and to do certain work thereon in the way of clearing land, improving and repairing house, etc. This was well known to the appellee, who with that knowledge, employed or rented land to Goolsby for the year 1906, thereby preventing him from complying with his contract with the appellant at all; this was done without the consent of appellant and against his protest, and before the expiration of his contract with Goolsby. The appellee cannot be heard to say in defense of this action that Goolsby had not entered upon his employment or upon the leased premises. The statute is in the disjunctive—"If any person shall knowingly employ" as well as entice away or induce to leave or interfere with the employee or tenant, then he is guilty and liable for the damage and it makes no difference that nothing had been done by the employee in the actual discharge of his contract or obligation. The case relied on by the appellee in 79 Miss., 368, has no application because that was a criminal case, and the defendant entitled to a strict construction of the statute; the prosecution was based solely on the ground that the defendant had abandoned his contract and entered into the employ of another, that is, the employee had violated the statute by abandoning his contract and leaving the leased premises—in that

case the court very properly held there was no violation of the statute, but here, the action is against the man who knowingly employed the tenant of another, without his consent and before the expiration of his contract and it makes no difference whether he had ever gone on the place or not.

*C. L. Sivley,* for appellee.

Whether there was a contract between appellee and Goolsby during the year 1906 is totally immaterial. It is emphatically stated by appellant that Goolsby never, in fact, entered upon the leased premises in furtherance of the contract with appellant.

The question presented by this record is the construction of an act of the legislature, Laws 1900, page 140, chapter 102:—

"If any person shall willfully interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract without the consent of the employer or landlord, he shall upon conviction be fined not less than $25, nor more than $100, and in addition shall be liable to the employer or landlord for all advances made by him to said renter or laborer by virtue of his contract with the said renter or laborer, and for all damages which he may have sustained by reason thereof."

Counsel for appellant have been misled in the construction of this statute by the language of the court in the case of *Armistead* v. *Chatters,* 71 Miss., 509, 15 South., 39, and base their demand upon the decision of this case entirely. In view of the very recent decision of this court in the case of *Sneed* v. *Gillman,* 44 South., 830, it is unnecessary to discuss the application of the *Armistead case,* or the construction of the statute.

The case of *Hendricks* v. *State,* 79 Miss., 368, 30 South., 708, directly settled the question involved in this litigation, for the principle decided is identical with the one here presented.

Counsel for appellant, however, in the concluding paragraph

of their brief, insist that this case has no application, because it was brought under a criminal statute and required a strict construction and for this reason undertake to differentiate it from the case at bar.

The following language of the opinion in the case of *Sneed* v. *Gillman, supra,* a civil case, completely answers them:

"This statute must be strictly construed, and cannot be enlarged in scope to prevent hard cases to plaintiffs."

CALHOON, J., delivered the opinion of the court.

In 1905, Goolsby, being a tenant of Pegues, a farmer, made a contract with Alford in writing to work land for him during the next year, 1906. It is certain that under this contract Goolsby never did go on Alford's land or begin to carry out that contract. On the contrary, it is clear that Goolsby absolutely refused to perform his contract with Alford. There is no pretense in this record that Pegues ever did anything whatever to prevent Goolsby from carrying out his written contract with Alford. On the contrary, it appears plainly to us that Pegues gave his consent that his tenant might go to Alford. Illustrating this fully, he absolutely rented the land which Goolsby had tenanted to another person for 1906. He did this after knowledge of the written contract with Alford, and it was not until the spring of the year 1906 that he permitted Goolsby to occupy another part of the land. In December, 1906, Alford sued Pegues for damages for knowingly employing Goolsby for the year 1906, he then being under contract with Alford for that year, and the court gave judgment for Pegues.

The action is based upon chapter 102, p. 140, Laws 1900, which act has been brought forward into the Code of 1906 in section 1146. We think there was no error in this decision of the court. *Jackson* v. *State* (Miss.), 16 South., 299; *Hendricks* v. *State,* 79 Miss., 368, 30 South., 708; *Sneed* v. *Gillman* (Miss.), 44 South., 830. There is no question in the

world of any enticing away of Alford's laborer or tenant in this case. Goolsby, rightfully or wrongfully, had terminated his contract with Alford, upon the performance of which he had never really entered, and contracts under such circumstances as this must be strictly construed against the penalty.

*Affirmed.*