ROYAL INSURANCE COMPANY v. BOARD OF LEVEE COMMISSIONERS.

[48 South. 183.]

CONSTITUTIONAL LAW. *Constitution* 1890, sec. 234. *Legislative proceedings. Publication of bills. Laws* 1908, *ch.* 73, *p.* 59. *Privilege taxes. Fire insurance companies.*

Constitution 1890, sec. 234, providing that no bill affecting the taxation or revenue of the Yazoo-Mississippi Delta levee district shall be considered by the legislature unless previously published etc., does not prevent the consideration and passage of a general bill for revenue purposes applicable to the entire state, although it may indirectly affect taxation in the levee district, and Laws 1908, ch. 73, p. 59, imposing a privilege tax on fire insurance companies and forbidding the levy of further like taxes by a county, municipality or levee board is not within the section.

FROM the circuit court of, second district, Coahoma county. HON. SAMUEL C. COOK, Judge.

The insurance company, appellant, was plaintiff in the court below; the board of levee commissioners of the Yazoo-Missis-

sippi Delta Levee District, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The insurance company, appellant, had paid the state privilege tax, $300, required of fire insurance companies, under Laws 1908, ch. 73, p. 59, but in spite of the provision of section 7 of the act, prohibiting any county, municipality or levee board from exacting of such companies any additional privilege tax, the levee board, appellee, levied and was proceeding to collect an additional privilege tax from appellant, and the appellant paid the additional tax, $100, under protest and brought this suit to recover back the sum so paid.

*J. W. Cutrer,* for appellant.

Appellant has discharged all the duties imposed upon it by law as to the payment of taxes, and is entitled to succeed in this litigation unless an ordinance of the appellee heretofore enacted shall be held to prevail over the express provisions of chapter 73 of the Laws of 1908.

The contention of appellee is that the latter clause of sec. 7 of the Laws 1908, amendatory of section 3832 of the Code of 1906; *"Provided,* no county, levee board, or municipal authority shall levy a privilege tax on any insurance company or association," is imperative as against any taxes levied by the appellee upon the like vocations or business, because appellee was authorized by chapter 80, Laws 1902, to levy a privilege tax upon the business exercised by appellant in its levee district, and section 234 of the Constitution of Mississippi prohibiting the legislature from considering any bill affecting the taxation or revenue of its district, unless the same shall have been published in some newspaper in the county in which its domicile is situated.

In other words, the contention is advanced that the legislature cannot for stated purposes deal with any subject matter of taxation which has heretofore been dealt with by the levee board unless the revenue officers of the state, or the law makers

thereof, shall first have published every law which shall indirectly or incidentally infringe upon any specific tax levied by appellee.

The position of appellee in the case at bar is a direct attack upon the sovereignty of the state. It attacks the constitutionality of the law of 1908 as being in conflict with section 234 of the Constitution.

It is a rule of universal application, that all statutes must be presumed to be constitutional and that where an act is of such character that it may be construed in two ways, one that would render it unconstitutional and one that would make it effective, the court must adopt that construction which will uphold it.

As said by Mr. Desty in his work on Taxation, Vol. 1, sec. 23: "The judiciary can declare an act of the assembly void, only when it violates the Constitution clearly, palpably, plainly, and in such manner as to leave no doubt or hesitation in the judicial mind. The opposition between the construction and the law should be such that the judge feels a clear and strong conviction of their incompatibility; but they cannot declare an act void merely because in their opinon it is opposed to the spirit of the Constitution."

The legislature had, before the adoption of the Constitution of 1890, in 1884, by the act creating appellee, and the acts amendatory thereof, conferred upon the appellee the right to levy certain specific *ad valorem* taxes, and under the provisions of section 236 of the Constitution, provided for the imposition of certain other fixed taxes. The taxes thus fixed by the legislature of 1884, and the laws amendatory thereof, and that passed in pursuance of section 236 of the Constitution, were those taxes which were in the contemplation of the Constitution when adopted, and were those taxes referred to in section 234 thereof.

This was the meaning of the section referred to, so that, in the language of the Constitution, a levee system should be maintained in the state, as provided in the article on levees. It

could never have been within the contemplation of the constitution makers that because there was a levee district, of which the appellee is the administrative agency, and because certain taxes had by the article on levees been provided for the maintenance of that organization, the legislature would thereafter be deprived of all power to select and designate among and between such objects of taxation as it might thereafter deem wise and expedient so to do, regulating and levying the collection of the public revenues.

It was never meant by the constitution makers that before a general revenue law, or any revenue law of the state, could pass, or before a revenue system could be put in effect throughout the state, publication thereof must first be made, before such general law could become effective within the limits of the Yazoo-Mississippi levee district, as to anything touched or taxed by appellee.

An omission to make such a publication would nullify any such law if that be the meaning of the Constitution, because otherwise, all uniformity and equality would be destroyed throughout the state, the law failing to take effect for the lack of publication within the levee district. No such disastrous consequences could have been contemplated by the framers of the Constitution.

*F. A. Montgomery,* for appellee.

Only one question is presented in this case, to wit: Whether the following provision in chapter 73 of the Laws of 1908, sec. 7, is unconstitutional, to wit:

"Provided that no county, levee board, or municipal authority shall levy a privilege tax on any insurance company or association. Laws of 1908, p. 59."

From the agreed statement of facts in the cause at bar, it will be observed that the appellee had levied, at its regular meeting on March 12, 1907, by legal authority of the chapter of the Code above enumerated and of the act of 1902 above mentioned,

a privilege tax of $100 for each license to a fire insurance company or association or to any company or association of companies operating a separate or distinct plant or agencies in the district. The act of March 20th, 1908, under consideration in the case at bar, is an act amending certain sections of chapter 114 of Code of 1906, and repealing certain other sections thereof. In other words, it is an act amending the state privilege tax law by abolishing privilege taxes on certain privileges, reducing it on certain privileges, and increasing it on some. Laws of 1908, pp. 56 to 63, inclusive.

It is not controverted that the legislature had the power to amend the state privilege tax law, increase or diminish it on certain privileges, or impose it on certain additional privileges.

The provision in section 7 of the act under consideration so far as it refers to this board of levee commissioners is passed without authority of law, and unconstitutional, because as shown by the agreed statement of facts that act was not, nor was any part of it published in the county in which was situated the domicile of the said levee board, as provided by section 234 of the Constitution.

MAYES, J., delivered the opinion of the court.

Laws 1908, p. 59, c. 73, § 7, provides that: "For each license issued to a fire insurance corporation or association, or to any company or association of companies operating a separate or distinct plant or agency in the state, $300.00." It also provides that: "No county, levee board, or municipal authority shall levy a privilege tax on any insurance company or association." The effect of this act is to exempt from additional privilege taxation any insurance company or association at the hands of any county, levee board, or municipal authority. As the law existed under section 1, c. 80, p. 132, of the Acts of 1902, the levee commissioners for the Yazoo-Mississippi delta were authorized to levy a tax upon all privileges exercised within the

limits of the levee district in a sum not to exceed the taxes levied by the state on the same privilege.

It is contended that section 7, p. 59, of the Laws of 1908, prohibiting any county, levee board, or municipal authority from levying a privilege tax on an insurance corporation or association, is void because in conflict with section 234 of the state Constitution of 1890. The section of the Constitution just referred to provides that "no bill changing the boundaries of the district, or affecting the taxation or revenue of the Yazoo-Mississippi delta levee district," etc., "shall be considered by the legislature unless said bill shall have been published in some newspaper in the county in which is situated the domicile of the board of levee commissioners of the levee district to be affected thereby, for four weeks prior to the introduction into the legislature," etc. The agreed facts show that the act of 1908, the act here challenged as unconstitutional, was never published in the district in accordance with sec. 234 of the Constitution of 1890. In the case of *Bobo v. Board of Levee Commissioners*, 92 Miss. 792, 46 South. 819, the court said: "We think this provision of the Constitution had in mind alone a law which would increase or diminish the rate of taxation or amount of revenue to be derived from taxation. for the protection of the people of this district by the construction of levees." In the quotation just given is to be found the key for a correct interpretation of this section of the Constitution. When the Constitution says that "no bill changing the boundaries of the district, or affecting the taxation or revenue of the Yazoo-Mississippi delta levee district, etc., "shall be considered," etc., it means only such bill as may affect taxation or revenue of the Yazoo-Mississippi delta levee district alone, where the object and purpose of the bill is to affect this district, and no other part of the state. It has no application to a general bill passed by the legislature for general revenue purposes, such as imposing privileges on occupations, or making any change in privilege taxes already imposed by lowering or

raising same, or abolishing them altogether, the incidental effect of which may in an indirect way affect taxation in the levee district in common with all the balance of the state. If this were not the case, the state would be very much hampered in its governmental action, and, when once a privilege tax was fixed, it could be neither raised, lowered nor abolished without publication under the section of the Constitution drawn in question. There could be no change in the general law exempting certain property from taxation. Such a result was never thought of. The section has no reference to general revenue bills, but its operation is confined exclusively to such taxation or revenue as the legislature attempts to enact for the levee district alone, affecting the rate of taxation exclusively within the boundary of the levee district.

*Reversed and remanded.*