BOARD OF LEVEE COMMISSIONERS OF YAZOO-MISSISSIPPI DELTA
v. ROYAL INSURANCE COMPANY.

[51 South. 2.]

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 71. *Legislative act. Title. Amendment of Code section not mentioned in title.*

Under Constitution 1890, sec. 71, providing that every bill introduced into the legislature shall have a title which ought to indicate clearly the subject matter or matters of the proposed legislation, an act purporting in its title to amend a number of sections of Code 1906, is unconstitutional in so far as it attempts to amend a Code section not mentioned in its title.

**2. SAME.** *Same. Privilege taxes. Insurance companies. Laws 1908, ch. 73, p. 59, sec. 7. Code 1906, § 3832.*

Laws 1908, ch. 73, p. 59, sec. 7, purporting to amend Code 1906, § 3832, relating to privilege taxes on insurance companies, is unconstitutional because the Code section is not mentioned or referred to in any way in the title to the act.

FROM the circuit court of, second district, Coahoma county. HON. SAMUEL C. COOK, Judge.

The Insurance Company, appellee, was plaintiff in the court below; the Board of Levee Commissioners, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The insurance company, appellee, had paid the state privilege tax, $300, required of fire insurance companies, under Laws 1908, ch. 73, p. 59, but notwithstanding the provision of section 7 of said act, prohibiting any county, municipality or levee board from exacting of such companies any additional privilege tax, the levee board, appellant, levied and was proceeding to collect an additional privilege tax from appellee, and the appellee paid the same, under protest, and brought this suit to recover back the sum so paid.

For a previous decision in this case, on a first appeal, see *Royal Insurance Co. v. Board of Levee Commissioners,* 95 Miss. 168, 48 South. 183.

*F. A. Montgomery,* for appellant.

*J. W. Cutrer,* for appellee.

[The briefs of counsel in this cause could not be found by the reporter, hence no synopses of them are given.]

Argued orally by *F. A. Montgomery,* for appellant.

SMITH, J., delivered the opinion of the court.

This case is before this court a second time. On the first appeal it was sought to have this court declare unconstitutional

section 7, c. 73, p. 59, of the Acts of 1908, because in violation of section 234 of the Constitution of 1890. The court held to the view that the act of 1908, in section 7 of above chapter, did not violate the above section, and the case is reported, 95 Miss. 168, 48 South. 183.

On this second appeal it is sought to have the section declared unconstitutional because in violation of section 71 of the constitution. This section declares that: "Every bill introduced into the legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation. Each committee to which a bill may be referred shall express, in writing, its judgment of the sufficiency of the title of the bill, and this, too, whether the recommendation be that the bill do pass or do not pass."

When we examine the title of chapter 73 of Laws 1908 and compare it with the requirements of the above section of the constitution, it is seen that it is in plain violation of the letter and purpose of the constitutional provision, in so far as section 7 of the act is concerned. Thus, the act in question is entitled "An act to amend sections 3778, 3789, 3791, 3793, 3810, 3826, 3837, 3840, 3846, 3847, 3849, 3851, 3860, 3866, 3870, 3873, 3876, 3886, and 3875, and to repeal sections 3836 and 3869 of chapter 114, Code 1906." Let it be here noted that nowhere in the title is it indicated that section 3832 of the Code is to be amended in any way, and yet section 7 of the acts does attempt to amend section 3832, and make of it a materially different section. In other words, the title to the act should indicate fully what subjects of the Code are to be dealt with in the body of the act, so that any legislator reading the title might, from that, have full knowledge of the scope of the proposed amendments, to the end that nothing should be concealed in the body of the act by a misleading title; and this is the purpose sought to be accomplished by section 71 of the constitution.

We are not to be understood as saying that, when a section or sections of the Code are to be amended, the title must contain each specific section to be amended; but, where the title makes no other reference to the subject of the act than by sections of the Code to be amended or repealed, then no other sections than those named in the title can be dealt with in the body of the act. The title to this act specifies the sections proposed to be amended, and it was violative of the constitution to deal with any but those named.

We are bound to hold that second 7 of chapter 73 of the Laws of 1908 is in violation of the constitution, and therefore void. In the case of *Sample v. Town of Verona,* 94 Miss. 264, 48 South. 2, this court has already said that this provision of our constitution is mandatory.

*Reversed and remanded.*

MAYES, J., dissented.