RILEY, STATE AUDITOR, *v.* AMMON.*

(Division B.   May 10, 1926.)

[108 So. 296.   No. 25544.]

1. LICENSES. *Levee district board held to have no authority to collect privilege tax from owner of billiard hall (Laws 1918, chapter 155, amending Laws 1912, chapter 104, section 1; Laws 1902, chapter 80; Code 1906, section 4346 [Hemingway's Code, section 6890]).*

Under Laws 1918, chapter 155, amending Laws 1912, chapter 104, section 1, levee district board had no authority to collect privilege tax from owner of billiard hall, Laws 1902, chapter 80, having been repealed by the above law, and privilege tax collected by levee district board may be recovered under Code 1906, section 4346 (Hemingway's Code, section 6980).

2. STATUTES. *It will be presumed that legislature, in passing law levying privilege tax, and prohibiting additional levy by levee districts, complied with constitutional requirements relative to publication (Laws 1918, chapter 155, amending Laws 1912, chapter 104, section 1; Constitution 1890, section 234).*

It will be presumed that legislature, in passing Laws 1918, chapter 155, amending Laws 1912, chapter 104, section 1, complied with requirements of Constitution 1890, section 234, which provides that no bill affecting taxation in certain levee districts shall be considered until after publication.

3. STATUTES. *Law levying privilege tax on billiard halls in lieu of other privilege taxes does not come within constitutional provisions for publication before legislature may consider bill affecting taxation of certain levee districts (Laws 1918, chapter 155,*

*amending Laws* 1912, *chapter* 104, *section* 1; *Constitution* 1890, *section* 234).

Laws 1918, chapter 155, amending Laws 1912, chapter 104, section 1, levying privilege tax on billiard halls in lieu of any other privilege taxes, being general laws dealing with revenues of entire state, do not come within provisions of Constitution 1890, section 234, which provides that no bill affecting taxation of certain levee districts shall be considered until after publication.

4. LICENSES. *Petition for refund of privilege tax need not allege that tax was paid under protest (Laws* 1926, *chapter* 196, *amending Code* 1906, *section* 4346 [*Hemingway's Code, section* 6980]).

Under Laws 1926, chapter 196, amending Code 1906, section 4346 (Hemingway's Code, section 6980), providing for refund of taxes erroneously paid, whether paid under protest or as result of coercion, being both prospective and retroactive, it was unnecessary that petition for refund of privilege tax should allege that tax was paid under protest.

*Corpus Juris-Cyc References: Licenses, 37CJ, p. 214, n. 73; p. 257, n. 9; p. 258, n. 24. Statutes, 36Cyc, p. 947, n. 76 New; p. 974, n. 23.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Mandamus by G. F. Ammon against George D. Riley, State Auditor, to compel respondent to audit and allow claim for a refund of privilege taxes alleged to have been unlawfully collected. A demurrer to the petition was overruled, judgment entered for petitioner, and respondent appeals. Affirmed.

*J. L. Byrd,* Assistant Attorney-General, for appellant.

I. The action of the court below is error because the petition shows on its face that the tax was not paid under protest as it was the duty of the plaintiff to do. See *Union Land & Timber Co.* v. *Pearl River County,* 106 So. 277.

II. Another reason, is that the act on which the appellee relies as being his authority for the refund of

taxes, chapter 155, Laws of 1918, does not comply with the constitutional proviso that all laws affecting taxes or revenue of the Yazoo-Mississippi Delta Levee District must be published in certain counties of the levee district for four weeks prior to the introduction thereof. Section 234, Constitution of 1890.

Now, we are familiar with the case of *Royal Ins. Co.* v. *Levee Commissioners,* 95 Miss. 168, wherein the court held that in order to change a general privilege tax law affecting the whole state, and which incidentally affected the levee district, it was not necessary to publish the act before passage. We submit that that case is not authority here for the reason that chapter 155, Laws of 1918, changes the privilege tax law only as to the levee district in that part of it where it limits the collection of taxes to municipalities and by necessary construction cuts out the right of the levee commissioners to levy the tax.

III. Another reason why this act of 1918 is not applicable here is that it does not repeal any existing laws and the prior acts of the legislature, especially chapter 80, Laws of 1902, which specifically provides that levee commissioners for the Yazoo-Mississippi Delta be and they are thereby authorized and empowered to levy a tax upon all privileges exercised, or which may hereafter be exercised within the limits of the said levee district, and provided that the privilege tax shall in no case exceed the taxes by the state on the same privilege. In order for the 1918 Act to take away the general right of the levee commissioners to levy a privilege tax it was necessary for the 1918 Act to contain a repealing clause.

*Chambers & Trenholm,* for appellee.

Appellant contends that chapter 155, Laws of 1918, the act under which the tax was collected, and which, we say, expressly prohibited such collection was and is unconstitutional in that by section 234, Constitution of 1890,

all laws affecting taxes or revenue of the levee district must be published in certain counties of the district four weeks prior to introduction in the legislature and that, therefore, section 1, chapter 104, Laws of 1922, amended by said chapter 155, Laws of 1918, is still in force; and this notwithstanding the decision of this court in *Royal Ins. Co.* v. *Levee Commissioners,* 95 Miss. 168, because said chapter 155, Laws of 1918, changed the privilege tax law only as to the levee district "in that part of it where it limits the collection of taxes to municipalities and by necessary construction cuts out the right of the levee commissioners to levy the tax."

Now, there are several answers to that proposition. The first is that there is nothing in the record to show that chapter 155, Laws of 1918, was not published before introduction, as required by the Constitution, if the requirement is applicable. Nor does appellant say in his brief that it was not so published, "and it will be presumed that all constitutional requirements were observed until the presumption is overcome by clear and convincing testimony." *Telegraph Co.* v. *Revenue Agt.,* 116 Miss. 204, 76 So. 560.

The next answer to the contention is that chapter 155, Laws of 1918, does not change the provisions of section 1, chapter 104, Laws of 1912, with relation to the rights of the levee district in any way whatsoever. It simply adds to the class exempt from the tax "regularly organized branches of the Young Men's Christian Association."

Appellant also complains that chapter 155, Laws of 1918, does not repeal any existing law, particularly chapter 80, Laws of 1902, which act authorizes the levee commissioners to levy and collect privilege taxes. It is true that the Act of 1918 has no repealing section, but it did not need any. It simply amended section 1, chapter 104, Laws of 1912, by increasing the exempt class and there was nothing in conflict with the new provision that the legislature could have repealed except the *act amended.*

But an examination of the Act of 1912, by which appellant says the right of the levee commissioners to collect the tax was *cut out,* discloses in section 7 the following words: "That all laws and parts of laws in conflict with this act are hereby repealed." There goes any right the levee district had under the act of 1902 to collect a privilege tax on billiard or pool rooms! That provision also removed section 3778, Code of 1906, which levied a privilege tax on billiard and pool *tables,* but which did not prohibit the levee commissioners from collecting thereon. Or, the last clause of section 1, Act of 1912, did so, in specific terms: "No privilege tax, state, county or municipal or otherwise shall be collected on any billiard or pool table operated in such place, hall or establishment."

We come now to appellant's contention that appellee is not entitled to the writ sought because the tax was not paid under protest. In support of that contention he cites *Union Land & Timber Co.* v. *Pearl River Co.,* 106 So. 277.

In the first place, the tax involved in that case was an *ad valorem* tax, paid without protest before the collector had made request, demand, or threat, and paid voluntarily without compulsion. The court laid down the general rule that a *voluntary* payment cannot be recovered, but that some *coercive measure* or proceeding, such as seizure or *threat of imprisonment* by an officer armed with authority is necessary, adding, however, that the policy of this state is *more liberal,* permitting recovery of illegal taxes paid under *protest* and making payment involuntary in event of any coercive steps taken by authority having the power to seize or levy. There was neither *protest* nor *involuntary payment* in that case, hence the taxpayer could not recover under our *more liberal policy.*

In the instant case, however, the tax is a privilege tax, and the petition for writ of mandamus charges that 'plaintiff would show that the said tax so paid by him

was not due; was unlawfully *exacted* and *collected* of and *from* him; was paid *involuntarily* by him and under *duress and compulsion.*'' The demurrer of appellant admits those allegations.

Considering the language of the petition in the instant case—that the money was exacted and collected from appellant and was paid under duress and compulsion and considering the holding of this court in *City of Vicksburg* v. *Butler,* 56 Miss. 72. It is clear that the tax here in question did not have to be paid under protest in order that it might be recovered from the board.

However, since the decision of the *Pearl River County case, supra,* the only case in this state holding payment under protest necessary under the refund statute, the legislature has cleared up this question and made evident its intention in the original enactment to provide a means of recovery of taxes ''erroneously'' paid, regardless of protest, by amending said section 4346, Code of 1906 (section 6980, Hemingway's Code) by chapter 196, Laws of 1925. Furthermore the amendment is not limited to taxes or moneys paid after its enactment.

Appellant seems to have abandoned the question raised by his second ground of demurrer, that the petition seeks to have the court control an officer in the exercise of his discretion. However, see *Pearl River Co. v. Lacey Lbr. Co.,* 86 So. 755.

The judgment of the lower court should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellee was doing business at Greenwood, in this state, under the name of Woodbine Billiard Hall. Greenwood is the county seat of Leflore county, and in the Yazoo Mississippi delta levee district. Appellee brought this action in the circuit court of the first district of Hinds county, the official residence of appellant, the state auditor, for a writ of mandamus to compel appellant to audit and allow appellee's claim for a refund of privilege

taxes alleged to have been unlawfully collected from him by the Yazoo Mississippi delta levee district, and to certify the same to the board of levee commissioners for payment. This refund of privilege taxes was claimed under authority of section 4346, Code of 1906 (Hemingway's Code, section 6980). Appellant demurred to appellee's petition. The demurrer was overruled by the trial court. Appellant declined to plead further. Thereupon final judgment was entered in favor of appellee. From that judgment appellant prosecutes this appeal.

The facts set out in appellee's petition admitted by the demurrer are substantially as follows: That Greenwood, the county seat of Leflore county, is in the levee district; that appellee resided in Greenwood, and there operated a billiard hall with billiard tables therein; that he operated his billiard hall in 1920 and in 1925; that for the year 1920 the tax collector of Leflore county, acting also as tax collector for the levee district board, collected from appellee the sum of two hundred dollars as a privilege license tax claimed by him to be due said levee district, and for the year 1925 collected the sum of three hundred dollars for the same purpose; that said payments were made by appellee "under duress and compulsion," that on June 12, 1925, appellee applied to appellant as state auditor under the authority of section 4346, Code of 1906 (Hemingway's Code, section 6980), for an audit, approval, and refund of the sums so paid by him as privilege taxes; that appellant withheld his approval, and refused to issue his certificate to the levee board for the refund so claimed by appellee.

The privilege tax in question was collected under authority of chapter 155, Laws of 1918, which act amended section 1, chapter 104, Laws of 1912. The two acts are identical except the latter exempted from its operation Young Men's Christian Associations having billiard halls solely for the use of its members. It is apparent at once on reading the two acts that the levee district board had no authority thereunder to collect a privilege tax from

appellee. In each of them it is expressly provided that
the privilege tax therein authorized ''shall be in lieu of
any and all other privilege tax, save and except a mu-
nicipal tax of not exceeding fifty per cent.'' of the tax
provided for in the acts.

Appellant, however, argues that, even if that be true,
nevertheless the collection of the privilege tax in ques-
tion was authorized by chapter 80, Laws of 1902, which
expressly provides that the board of levee commissioners
for the Yazoo Mississippi delta levee district shall be au-
thorized to levy and collect the privilege tax therein pro-
vided on billiard halls. Appellant concedes that the
Acts of 1912 and of 1918, except for section 234 of the
Constitution, would have repealed chapter 80, Laws of
1902, but that section of the Constitution not having been
complied with, the Act of 1902 stands unrepealed. Section
234 of the Constitution provides that no bill affecting the
taxation of revenue of the Yazoo Mississippi delta levee
district shall be considered by the legislature, unless such
bill shall have been published in some newspaper in the
county in which is situated the domicile of the board of
levee commissioners of the district for four weeks prior to
the introduction of such bill in the legislature, and that no
such bill shall be considered for final passage by either the
Senate or the House, 'unless the same shall have been
referred to and reported by the appropriate committee
of each house, and that no such committee shall consider
or report any measure, unless publication thereof shall
have been made as provided. The record in this case is
silent as to whether the publication required by the Con-
stitution was made or not. If such a contention could be
entertained by the courts, it would require the party at-
tacking the law upon that ground to allege, and prove
that the publication required by the Constitution was
not made. The statute was passed by the legislature,
and it will be presumed that in doing so all constitutional
requirements were complied with. *Postal Tel. Co.* v. *Rob-
ertson Revenue Agent,* 116 Miss. 204, 76 So. 560. We

do not decide whether that presumption is a conclusive presumption or not. It is unnecessary to decide that question in this case. We conclude, therefore, that chapter 104, Laws of 1912, as amended by chapter 155, Laws of 1918, repealed chapter 80, Laws of 1902. It follows that there was no authority of law for the collection of the privilege tax in question.

Furthermore, neither the Act of 1912 nor the Act of 1918 comes within the protection of section 234 of the Constitution, because both of those acts are general, applying to the whole state. They deal with revenues of the entire state, although they indirectly affect the revenues of the levee district. Section 234 of the Constitution applies alone to legislation dealing directly and specifically with levee districts. It does not prevent the consideration and passage of a general revenue bill application to the whole state. Such a bill imposing privilege taxes for the entire state and forbidding the levy of further like taxes by counties, municipalities, or levee boards is not within the constitutional provision. *Insurance Co.* v. *Levee Commissioners,* 95 Miss. 168, 48 So. 183.

Appellant contends, however, that, even though the tax was illegally collected, it cannot be recovered back by appellee because it was not paid under protest. Appellee's petition for mandamus does not allege that the tax was paid under protest, but it is alleged therein that it was not due; that it was unlawfully exacted and collected; and "was paid by him involuntarily and under duress and compulsion."

We think it is unnecessary to decide this question in view of the recent amendment of section 4346, Code of 1906 (Hemingway's Code, section 6980), by chapter 196, Laws of 1926. The statute as amended provides for a refund of taxes erroneously paid, whether such payment was made under protest or not, or as the result of coercive measures taken on the part of collecting officers to enforce payment, and the statute is both prospective

and retroactive. It applies in express terms to taxes paid both before and after its adoption.

It follows from these views that the judgment of the court below should be affirmed.

*Affirmed.*