CLARKSDALE BUILDING & LOAN ASS'N *v.* BOARD OF LEVEE COM'RS FOR YAZOO-MISSISSIPPI DELTA.

(Division B. Nov. 13, 1933. Suggestion of Error Overruled Dec. 11, 1933.)

[150 So. 783. No. 30790.]

**E. W. Smith**, of Clarksdale, and **Pat D. Holcomb**, of Greenwood, for appellant.

**J. A. Tyson,** of Greenwood, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the county court of Coahoma county to recover the sum of seven hundred sixty-five dollars and ninety-three cents, representing the privilege taxes levied against and collected from appellant by appellee for the three-year period from July 1, 1930, to July 1, 1933, and the statutory damages thereon, which appellant alleged had been levied and collected without authority of law. Appellee demurred to the declaration, which demurrer was sustained, and, appellant declining to plead further, final judgment was entered dismissing the suit. From that judgment appellant appealed to the circuit court of the county, where the judgment of the county court was affirmed; from that judgment of the circuit court this appeal was prosecuted.

The privilege taxes involved were levied and collected by appellee under the authority of section 237 of the Constitution and section 1 of chapter 80 of the Laws of 1902. For the years involved appellee duplicated the state levy as provided in chapter 88, Laws of 1930, and chapter 89, Laws of 1932. Section 237 of the Constitution is in this language: "The legislature shall have full power to provide such system of taxation for said levee districts as it shall, from time to time, deem wise and proper."

Section 1 of chapter 80 of the Laws of 1902 conferred the power on the levee board to levy and collect a tax on all privileges exercised, or which might thereafter be exercised, within the limits of the levee district, and to amend, repeal, or change the tax, but provided that in no case should the tax exceed that levied by the state on the same privilege. Section 35 of chapter 88, Laws of 1930, and section 39 of chapter 89, Laws of 1932, levying the state tax on building and loan associations, provide that there shall be an "annual state-wide tax," and that the tax "shall be in lieu of all taxes, whether state, county, or municipal (except taxes on real estate)." In section 1 of both chapter 88, Laws of 1930, and chapter 89, Laws of 1932, it is provided that the state-wide tax is imposed "for a state-wide license." Section 246 of chapter 88, Laws of 1930, and section 258 of chapter 89, Laws of 1932, provide, among other things, in substantially the same language, as follows:

"Nor shall the provisions of this Act be construed to limit or restrict the power or authority of the Board of Levee Commissioners of the Yazoo-Missisippi Delta Levee District to levy and collect privilege taxes for the benefit of the said district, as heretofore or hereafter provided by said board, under the provisions of that certain Act of the Legislature of the State of Mississippi entitled, 'An act to authorize and empower the Board of Levee Commissioners for the Yazoo-Mississippi Delta, to levy a tax upon all privileges exercise within the said levee district,' approved February 26th, 1902, and being Chapter 80, page 132, of the Laws of 1902."

In Gulfport Building & Loan Association v. City of Gulfport, 155 Miss. 498, 124 So. 658, the court had under consideration section 53 of the privilege tax statute— chapter 118, Laws of 1926—which provided that the privilege tax therein imposed on building and loan associations should be "in lieu of all other taxes, whether state,

county, or municipal (except tax on real estate).'' The court held that the statute exempted building and loan associations alone from ad valorem taxes except on their real estate, and not from municipal privilege taxes; and that the language ''in lieu of all other taxes'' meant all other taxes than privilege taxes.

Appellant contends that the word ''other'' was left out of section 35 of chapter 88, Laws of 1930, and section 39 of chapter 89, Laws of 1932, in view of the decision of the court in the Gulfport case, and that the purpose of the Legislature was to impose a state-wide privilege tax in lieu of all other taxes of whatsoever kind, except ad valorem taxes on their real estate. There would be a good deal of force in that position except for the provision in section 246 of chapter 88, Laws of 1930, and section 258 of chapter 89, Laws of 1932, above set out. It will be observed that it is therein expressly provided, in substance, that nothing in those acts shall be construed to limit or restrict the power or authority of appellee to levy and collect privilege taxes for the benefit of the district under the provisions of chapter 80 of the Laws of 1902. This provision must be construed along with section 35 of chapter 88, Laws of 1930, and section 39 of chapter 89, Laws of 1932. They deal in part with the same subject-matter. It is a canon of statutory construction that, when that is true, the different statutes or parts of statutes must be construed together. If it can be done, they must be read into each other so as to make a consistent whole. That can be done here. These statutes mean, and to so hold is not a strained construction, that the taxes therein imposed on building and loan associations shall exclude all other taxes except taxes on real estate and the right of this appellee to tax the privileges exercised within the levee district under chapter 80 of the Laws of 1902.

Riley v. Ammon, 143 Miss. 861, 108 So. 296, is not in point. The statute (Laws 1918, chapter 155) under con-

sideration there provided that the privilege tax therein levied should be ''in lieu of any and all other privilege tax save and except a municipal tax of not exceeding fifty per cent.'' There is no such provision in the statutes in question in this case.

Affirmed.