433 So.2d 954 (1983)
WESTERN LINE CONSOLIDATED SCHOOL DISTRICT, et al.
v.
GREENVILLE MUNICIPAL SEPARATE SCHOOL DISTRICT.
No. 54469.
Supreme Court of Mississippi.
June 1, 1983.
Rehearing Denied July 13, 1983.
Robertshaw & Merideth, J. Robertshaw, Greenville, Taylor Webb, Leland, for appellants.
*955 Roy D. Campbell, III, Campbell & DeLong, Greenville, for appellee.
Before BROOM, P.J., and HAWKINS and DAN M. LEE, JJ.
HAWKINS, Justice, for the Court:
Western Line Consolidated School District and the Washington County Board of Education appeal from a ruling of the Chancery Court of Washington County that the inhabitants of a certain area of their school district were not entitled under the provisions of the Mississippi Code to a referendum on whether this area would become a part of the Greenville Municipal Separate School District. We hold the chancellor was correct and affirm.

FACTS
On August 3, 1982, the City of Greenville adopted an annexation ordinance, proposing the annexation into the municipality of approximately nineteen square miles. Part of the area to be annexed was already in the Greenville Municipal Separate School District (municipal district), and the remainder was in the Western Line Consolidated School District (Western Line district).
On September 3, 1982, Western Line filed with the city a petition signed by more than twenty percent of the voters residing within the area of Western Line proposed to be annexed, requesting a referendum on the question of the inclusion of this area within the municipal district. Western Line filed this petition under the provisions of Mississippi Code Annotated section 21-1-59 (Supp. 1982), discussed infra.
After adopting the ordinance the city filed a petition for its approval in the Washington County Chancery Court. This petition bore cause number 43,166 of the court.
On September 27, 1982, the Board of Supervisors of Washington County filed a complaint for a declaratory judgment in the chancery court, seeking a construction of section 21-1-59. Named as defendants were the municipal and Western Line school districts. Both school districts answered, and on December 2, 1982, the Washington County Board of Education moved to intervene. Western Line is one of the attendance centers of the county school district.
This suit is primarily between the municipal district on one side and Western Line and the county district on the other, and they have carried the ball in this contest.
At issue in the controversy is which statute controls in any extension of the city limits into the Western Line district, section 21-1-59, or Mississippi Code Annotated section 37-7-611 (1972). If the former, then a referendum is required. If the latter, upon approval by the chancery court of the annexation ordinance, the area of Western Line would automatically become a part of the municipal district, and be severed from the county district.
The chancellor found that the provisions of section 21-1-59 were inapplicable to the proposed annexation and dismissed the action.
Western Line and the county board have appealed.

LAW
The view will be clearer if we give a history of the two statutes. Section 37-7-611, which would be clearly applicable unless dispossessed by section 21-1-59 in this particular case, began with Chapter 23, Section 6 of the Mississippi Laws of 1953. The particular portion of this section follows:
Where the corporate limits of any municipality which constitutes a municipal separate school district, either with or without added territory, are extended so as to include the whole or any part of an existing adjacent school district in the county school system, then such adjacent school district, or such part thereof as is included within the corporate limits of the municipality by reason of the extension thereof, shall thereby automatically be merged with and become a part of such municipal separate school district; ...
*956 1953 Miss. Laws ch. 23.
This section was codified as Section 6411-06 in the Mississippi Code of 1942, as amended. The section was amended by Chapter 29, Laws of Extraordinary Session of 1959, and thereafter codified as our present Mississippi Code Annotated section 37-7-611 (1972). The amendment makes certain clarifications as to school buildings in the county district and procedures in the event only a portion of a district served by an attendance center is in the area proposed to be annexed into the city. This amendment, however, is not at issue in this case.
It is apparent that in the event section 37-7-611 is applicable to this case no referendum is required, or indeed authorized. To the extent the city gains approval of its ordinance by the chancery court, the area including Western Line will automatically become a part of the municipal district.
Section 21-1-59 began with Chapter 29, Mississippi Laws of 1928, which reads as follows:
No municipality shall be created or shall change its boundaries so as to include within the limits of such municipality any of the buildings or grounds of any state institution unless and until consent thereto shall have first been obtained in writing from the board of trustees of such institution, or such other governing board or body as may be created for the control of such institution. Any proceeding creating a municipality or enlarging the boundaries of any municipality which does not comply with this section shall be void and of no effect.
This law was codified into section 3374-18 of the 1942 code, and remained unchanged and later became section 21-1-59 of the 1972 code.
In 1977, the Legislature added a paragraph to this section providing that in the event the proposed municipal annexation crossed county lines it would have no effect on the school district in the adjacent county unless consented to in writing by the board of trustees in the adjacent county school district. See 1977 Miss. Laws ch. 379. The preamble to this act reads:
AN ACT to amend Section 21-1-59, Mississippi Code of 1972, to provide that when a municipality expands across county lines the existing school districts shall not be affected without the consent of the affected school district; and for related purposes.
Finally, the Legislature, in 1978, by Chapter 312 amended the act by adding two final paragraphs which brought about this present controversy. We set out the present act and designate when each paragraph became law.
The preamble states:
AN ACT to amend Section 21-1-59, Mississippi Code of 1972, to provide for a referendum for municipalities in certain counties to determine whether a municipal expansion shall affect the public school system in the annexed area; and for related purposes.
1978 Miss. Laws ch. 312 (emphasis added).
No municipality shall be created or shall change its boundaries so as to include within the limits of such municipality any of the buildings or grounds of any state institution, unless and until consent thereto shall have first been obtained in writing from the board of trustees of such institution, or such other governing board or body as may be created for the control of such institution. Any proceeding creating a municipality or enlarging the boundaries of any municipality which does not comply with this section shall be void and of no effect.
1928 Miss. Laws ch. 29.
Provided further, that any future changes in the boundaries of a presently existing municipality which extends into or further extends into a county other than the county in which the municipality's principal office is located shall not affect the public school district located in the annexed area, unless and until consent thereto shall have first been obtained in writing from the board of trustees of the school district proposed to be partially *957 or wholly included in the change of municipal boundaries.
1977 Miss.Law ch. 379.
Provided further, that any change in the boundaries of a presently existing municipality of any Class 1 county having two (2) judicial districts, being traversed by U.S. Highway 11 which intersects U.S. Highway 84, shall not affect the public school district located in the annexed area and shall not change the governmental unit to which the school taxes are paid, unless approved by referendum as hereinafter provided.
In the event that twenty percent (20%) of the registered voters residing within the area to be annexed by a municipality petition the governing body of such municipality for a referendum on the question of inclusion in the municipal school district within sixty (60) days of public notice of the adoption of such ordinance, such notice given in the same manner and for the same length of time as is provided in section 21-1-15 with regard to the creation of municipal corporations, the governing body of the county in which the area to be annexed is located shall hold a referendum of all registered voters residing within the area to be annexed on the question of inclusion in the municipal school district. Approval of the ordinance shall be made by a majority vote of the qualified electors voting in said referendum to be held within ninety (90) days from the date of filing and certification of the petition provided for herein on the question of such extension or contraction. The referendum shall be held in the same manner as are other county elections.
1978 Miss. Laws ch. 312.
The first paragraph of the above act provides that the grounds or buildings of a state institution cannot be annexed into the municipal corporate limits without the written consent of the board of trustees of the state institution. The second paragraph (1977 Act) does not affect the expansion of the municipal corporate limits into an adjacent county, but does provide that the school district therein shall not be affected thereby in the absence of written consent of the board of trustees of the adjacent county school district.
The final two paragraphs enacted in 1978 were for the benefit of Jones County, the only county in this state having two judicial districts and traversed by highways 11 and 84.
Western Line and the county board argued before the chancellor and before this Court that the portion of the act pertaining to Jones County was clearly unconstitutional, and should therefore be excised, leaving intact the final paragraph, which should be applied as the law in this proposed expansion. Thus, the voters of the Western Line area proposed to be annexed should have an opportunity to vote on whether this area should be annexed into the municipal district.
The chancellor did not buy this ingenious argument. He ruled that he was not required to pass upon the constitutionality of that portion of the 1978 act giving specific rights under a general law to Jones County, because under his interpretation the last two paragraphs of the act did not apply to Washington County, but only to Jones.
We are indebted to counsel of the three school districts for superb briefs arguing what result should be reached in the event the local and private portion of this law should be ruled unconstitutional.
We do not need to decide this thorny question in this case, however, because we agree with the chancellor that there is no necessity of our doing so.
A conservative British statesman once observed that if it is not necessary to change, it is necessary not to change.
This observation can be paraphrased in court decisions wherein the constitutionality of a statute looms on the horizon: if it is not necessary to rule upon the constitutionality of a statute, it is necessary that a court not rule upon it. Legislatures are the voice of the people, charged with the responsibility of enacting statutes for the inhabitants of our State. They are a separate and co-equal branch of our three-part *958 government: Executive, Legislative, and Judiciary. Courts have a solemn duty to avoid passing upon the constitutionality of any law expressed by the people through their Legislature unless compelled to do so by an issue squarely presented to and confronting a court in a particular case. A diminution in this respect accorded the Legislative branch could only result in the emasculation of the lawful authority of our Legislature. Courts do not touch the constitutionality of a statute when it is unnecessary to do so under the particular facts of the case. See, e.g., Roberts v. Mississippi State Highway Commission, 309 So.2d 156 (Miss. 1975); Dunn v. Love, 172 Miss. 342, 155 So. 331 (1934), affirmed sub. nom., Doty v. Love, 295 U.S. 64, 55 S.Ct. 558, 79 L.Ed. 1303 (1935); Dart v. City of Gulfport, 147 Miss. 534, 113 So. 441 (1927); Town of Flora v. American Express Co., 92 Miss. 66, 45 So. 149 (1907); Hendricks v. State, 79 Miss. 368, 30 So. 708 (1901); Adams v. Capital State Bank, 74 Miss. 307, 20 So. 881 (1896).
When the chancellor held that chapter 312, Laws of 1978 applied only to Jones County, he was correct, and since Jones County was no part of this lawsuit the chancellor was correct in avoiding any constitutional question in this case.
This conclusion of necessity negated the contention of Western Line and the county board that the final paragraph of the Act requiring a referendum applied to Washington County.
If there should remain any remant of an argument that the final paragraph of the 1978 Act requiring a referendum, being general in nature, should somehow apply to Washington County, we could not escape the conflict thereby arising between this paragraph and section 37-7-611. This latter section provides for the automatic inclusion of added territory in the municipal district upon lawful expansion of the corporate limits. Faced with a conflict between two general statutes, a court has a basic obligation to interpret them in a manner which would avoid the conflict. Such a construction inevitably leads to the conclusion that the Legislature intended that the entire 1978 amendment should apply only to Jones County. See, e.g., Surles v. State ex rel. McNeel, 357 So.2d 319 (Miss. 1978); Life & Casualty Ins. Co. v. Walters, 180 Miss. 384, 177 So. 47 (1937); Clarksdale Bldg. & Loan Assoc. v. Board of Levee Commissioners for Yazoo-Mississippi Delta, 168 Miss. 326, 150 So. 783 (1933); Greaves v. Hinds County, 166 Miss. 89, 145 So. 900 (1933).
Able argument was made by counsel for Western Line and the county board of the right of the people to speak on a question such as this at the ballot box, as well as the converse of the argument: unless they were afforded this vote, their opportunity to contest the annexation was lost.
This Court agrees that denial of a right to vote is a denial of a sacred right. Unfortunately for appellants, the Legislature, which we must respect, has not authorized any such referendum beyond Jones County. As to the right of appellants to a forum to present their objections to annexation, that forum is or has been available, in the chancery court, which must pass upon whether a proposed municipal annexation is "reasonable and is required by the public convenience and necessity" with the burden of proof upon the city. Miss. Code Ann. § 21-1-33 (1972).
The decision of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE and PRATHER, JJ., concur.
ROBERTSON, J., not participating.